COURT OF APPEALS
DECISION
DATED AND FILED

August 20, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2024AP380**

Cir. Ct. No.  2019CV1219

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

MATTHEW LORISS AND MARY LOU LORISS,

PLAINTIFFS-RESPONDENTS,

V.

KENNETH L. BRUCE AND VIRGINIA R. BRUCE,

DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Kenosha County: DAVID P. WILK, Judge.  *Affirmed*.

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Kenneth L. and Virginia R. Bruce appeal from a judgment dismissing their adverse possession counterclaim against Matthew and Mary Lou Loriss.  The Bruces argue the circuit court erroneously exercised its discretion in finding that the Bruces failed to establish adverse possession of the disputed property and in determining where the disputed property line lays.  We reject the Bruces' arguments and affirm.

## BACKGROUND

¶2    The Bruces and the Lorisses own adjacent parcels of land in the Village of Pleasant Prairie.  The Bruces' property is located to the east of the Loriss' property.  The Lorisses acquired their property in November 2001 from the Muzenski family, who had lived there since 1974.  The Bruces acquired their undeveloped property in 1976 and began construction of their home in 1977 or 1978.  Between the Loriss' house and the Bruces' house is a "swale," which is part of the natural watershed from the Des Plaines River.  The swale runs primarily north and south along the property line before diverting southwest onto the Loriss' property as it approaches the road on the south end of the properties.  This is the area that the Lorisses allege the Bruces trespassed on and the Bruces allege they have acquired by adverse possession (the disputed area).

¶3    In 2019, the Lorisses filed a Complaint in the circuit court seeking a declaratory judgment and declaration of interest in real property pursuant to WIS. STAT. Ch. 841 (2023-24)[1] to establish the correct property line.  The Lorisses also alleged trespass against the Bruces.  The Bruces answered the Complaint, denying

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

its allegations and making a counterclaim for unjust enrichment and adverse possession of the disputed area.

¶4      The circuit court held a bench trial over two days in March and September 2023.  Jeff Rampart of JKR Surveying, Steve Muzenski, Matthew Loriss, Mary Lou Loriss, and Virginia Bruce testified at the trial.  The parties offered substantial testimony regarding the property lines and the history of plant life in the disputed area, including cranberry bushes, arbor vitae, yews, various types of shrubs, irises, and daylilies.  The parties often offered conflicting testimony as to where they think the property line is and to the dates of planting and removal of these items.

¶5      In its oral ruling, the circuit court made several critical findings and determinations, including that: Rampart, who conducted the "survey of the subject properties," "is experienced and accomplished in his field of expertise;" the Rampart survey, which the court accepted as accurately depicting the lot lines, "conformed to ordinarily accepted professional practices;" the Muzenskis "maintained the contested cut-out area … until 2001;" "the testimony of Muzenski [was] credible and complete;" and "Muzenski has no stake or interest in the outcome of the dispute."

¶6      The circuit court credited Muzenski's testimony regarding the various plantings and removals of vegetation from the disputed area, much of which conflicted with Virginia Bruce's testimony.  The court also recited what it perceived to be the relevant testimony of the Lorisses and Virginia.  The court indicated that it had reason to question Virginia's testimony, stating as follows: "Having had the opportunity to observe the demeanor and behavior of this witness, the Court would characterize it as opportunistic, not ever seeking to turn

3

yes into no or black into white, but certainly seeking to shade the gray to her advantage."

¶7      In its oral ruling, the circuit court found that the true property line between the Bruces' and the Loriss' lots is the bold line on the Rampart survey, as the Lorisses argued.  The court also determined that "until at least 2001, a bucolic and cooperative effort was made to maintain [the disputed area]."  After the Lorisses filed the Complaint in 2019, the court found that the "common purpose and generally collegial relationship" between the Lorisses and Bruces deteriorated with regard to maintaining the disputed area.  Thus, the court concluded that "regardless of whether the purported taking was open and continuous, hostile and exclusive, it did not exist for a period of time in excess of 20 years."  Finally, the court found that the Lorisses had proven their claim for trespass and were entitled to relief under WIS. STAT. § 844.01.

¶8      The circuit court subsequently entered a judgment memorializing its decision.  The court dismissed the Bruces' adverse possession counterclaim and ordered them to remove their sump pump discharge from the disputed area.  The Bruces appeal.

## DISCUSSION

¶9      Our review of an adverse possession claim presents a mixed question of fact and law.  ***Wilcox v. Estate of Hines***, 2014 WI 60, ¶15, 355 Wis. 2d 1, 849 N.W.2d 280.  We accept the circuit court's factual findings unless they are clearly erroneous.  ***Id.***  However, whether the facts are sufficient to establish adverse possession is a question of law that we review independently. ***Id.***

4

¶10    WISCONSIN STAT. § 893.25(1) permits a party to acquire title to real property by showing that the party and/or its predecessors in interest adversely possessed the property for an uninterrupted period of twenty years.  To establish adverse possession under § 893.25, a party must show "actual continued occupation under claim of title, exclusive of any other right," and that the property was either "[p]rotected by a substantial enclosure" or "[u]sually cultivated or improved."  Sec. 893.25(2).

¶11    To constitute adverse possession, a claimant's use of the property "must be open, notorious, visible, exclusive, hostile and continuous, such as would apprise a reasonably diligent landowner and the public that the possessor claims the land as his [or her] own."  *Pierz v. Gorski*, 88 Wis. 2d 131, 137, 276 N.W.2d 352 (Ct. App. 1979).  A party seeking to claim title through adverse possession bears the burden of proving the elements set forth above by clear and positive evidence.  *Peter H. & Barbara J. Steuck Living Trust v. Easley*, 2010 WI App 74, ¶15, 325 Wis. 2d 455, 785 N.W.2d 631.  In addition, the evidence is strictly construed against the claimant, and all reasonable presumptions are made in favor of the property's true owner.  *Id.*

¶12    In this case, the circuit court properly determined that the Bruces had failed to establish the elements of their adverse possession counterclaim by clear and positive evidence.  Specifically, the court concluded that they had failed to show "the temporal factor" of having actual continued occupation of the disputed area for at least 20 years.  As noted above, the court found that the testimony at trial established that at least until 2001, the disputed area had been cooperatively improved and maintained by the owners of both properties, and the cooperation had generally continued until the Lorisses had filed suit against the Bruces in 2019.  The court noted that it "can't fit a square peg into a round hole, nor can it fit

a 20-year requirement into a span of, at most, 19 years." It therefore found that the Bruces' alleged adverse possession of the disputed area failed to meet the 20 years required by statute.

¶13     The Bruces take issue with numerous of the circuit court's factual findings, citing to various exhibits and trial testimony that allegedly demonstrate the findings are "clearly erroneous." Of note, the Bruces attempt to challenge the findings that the Rampart survey shows the correct property lines and that the Bruces and the Muzenskis cooperatively maintained the disputed area from approximately 1978 until the Lorisses purchased the property in 2001.

¶14     Virginia Bruce testified that she did not believe the Rampart survey was accurate and claimed "the CSM line" as reflected on the Bruces' deed showed the actual lines, "though she could not testify as to whether the CSM line from the [Rampart] survey accurately delineated the property line." She also testified— contrary to Muzenski's and the Loriss' testimony—that the Bruces had consistently maintained the disputed area to the east from the time they moved in until the present dispute arose, even when the Muzenskis lived there. Accordingly, the Bruces believe that they have been in open possession of the land

for well over the required 20 years.[2]  However, as noted above, the circuit court explicitly found Rampart's and Muzenski's testimony regarding the actual ownership of the disputed area credible, while it found Virginia's testimony "opportunistic" and "seeking to shade the gray to her advantage."  In other words, the court did not find Virginia's testimony in that regard to be credible.  When the circuit court acts as the factfinder, it is the ultimate arbiter of the witnesses' credibility and of the weight to be given to their testimony.  *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345.  The Bruces have failed to launch a successful challenge to the court's findings and, therefore, have failed to establish adverse possession over the disputed area.[3]

---

[2] Although the law requires twenty years of adverse possession if not founded on a written instrument to gain title to the property, *see* WIS. STAT. § 893.25(1), if the claim is founded on a recorded written instrument, the required time is ten years.  WIS. STAT. § 893.26(1).  The Bruces argue, in passing, that they established adverse possession under § 893.26(1).  However, the circuit court found that "until at least 2001, a bucolic and cooperative effort was made to maintain the property that is claimed to have been adversely possessed."  In other words, the court, found that, at a minimum, the Bruces failed to establish the required element of exclusive possession prior to the Lorisses moving into their property, meaning that they did not maintain exclusive control over the disputed area throughout that time.  The court also found that there was cooperative maintenance of the property, at least in certain years, from the time the Lorisses moved in until they brought this action; thus, based on the court's findings, the Bruces cannot establish continuous adverse possession for even a ten-year period.  We therefore reject this argument and do not address it further.

[3] We note further support in the Record for the circuit court's finding that the Rampart survey reflects the accurate property line.  The court made this determination based on the "best evidence."  See *Northrop v. Opperman*, 2011 WI 5, ¶42, 331 Wis. 2d 287, 303-04, 795 N.W.2d 719, explaining:

> In the survey/fence cases, a circuit court first determines whether the boundary line can be determined from the deed and original monuments or markers.  If the boundary line cannot be so determined, the circuit court looks to the best evidence of the boundary line.  The circuit court's determination of the best evidence locating the boundary line in the survey/fence cases is essentially a finding of fact.  An appellate court does not set aside findings of fact unless they are clearly erroneous.  WIS. STAT. § 805.17(2).

(continued)

## CONCLUSION

¶15     In summary, we conclude the circuit court's factual findings—which are not clearly erroneous—support a determination that the Bruces did not meet their burden to prove that they adversely possessed the disputed area for 20 continuous years.  We reject each of the Bruces' claims of circuit court error, and we therefore affirm the judgment in favor of the Lorisses, which dismissed the Bruces' adverse possession counterclaim.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

*Id.*  We uphold the court's finding regarding the true property line here; the Bruces have not persuaded us that this finding is clearly erroneous.  *See id.*